# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS BARKSDALE HOWARD,<br><br>Petitioner,<br><br>v.<br><br>RENEE BAKER, et al.,<br><br>Respondents. | Case No. 3:16-cv-00631-RCJ-CBC<br><br>**ORDER** |

Before the court are petitioner's motion for leave to file second amended petition for writ of habeas corpus (ECF No. 47), respondents' opposition (ECF No. 49), and petitioner's reply (ECF No. 50). The court grants petitioner's motion. The court also, on its own motion, stays this action while petitioner exhausts his state-court remedies for his new claim in the second amended petition.

Petitioner seeks to add a new claim, ground 5, that trial counsel violated the Sixth Amendment by conceding petitioner's guilt. "When a client expressly asserts that the objective of '<u>his</u> defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." <u>McCoy v. Louisiana</u>, 138 S. Ct. 1500, 1509 (2018) (emphasis added in <u>McCoy</u>).

Respondents do not persuade the court that petitioner's <u>McCoy</u> claim is without merit. Parties in other cases now are litigating the scope and retroactive application of <u>McCoy</u>. These

are questions that the court should answer only after full briefing, if necessary, not on a motion for leave to amend.

Respondents do not persuade the court that amendment is futile because the McCoy claim is not exhausted. For amendment to be futile on procedural grounds, (1) the claims would need to be unexhausted in this court, (2) the state appellate court would hold that the ground is procedurally barred, and (3) petitioner would not be able to overcome the procedural default of the ground. The futility analysis fails at point 2. Nevada's procedural bars allow a petitioner to show cause and prejudice to overcome those bars. See, e.g., Nev. Rev. Stat. §§ 34.726(1), 34.810(3). This court will not speculate how the state courts would decide the questions of cause and prejudice. Additionally, the Supreme Court decided McCoy after petitioner's judgment of conviction became final. If the state courts determine that McCoy applies retroactively, then the procedural bars likely will not apply. In short, the court cannot say at this time whether the McCoy claim would be procedurally defaulted.

Respondents do not persuade the court that amendment is futile because the McCoy claims are untimely. The statute of limitation states, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of— [. . .]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1). Petitioner filed his motion for leave to amend less than a year after the McCoy decision. If McCoy is retroactive, a question that is being litigated now, then petitioner's McCoy claims would be timely.

Respondents also do not persuade the court that it should deny leave to amend because petitioner had a prior opportunity to file an amended petition. If petitioner has a cogent claim that is not subject to procedural bars--and those are open questions now--then he should be given leave to amend the petition to include that claim.

For these reasons, the court will grant the motion for leave to amend.

Petitioner admits that he has not exhausted his McCoy claims in the state courts. See 28 U.S.C. § 2254(b). However, simultaneous with the filing of the motion for leave to amend, petitioner has filed in the state district court a petition raising his McCoy claims.

The court may stay an action while petitioner litigates unexhausted claims in the state courts. Petitioner needs to show "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Petitioner notes that he would file a motion to stay the action if the court granted him leave to amend.

There is no need to litigate the issue of a stay, because petitioner can satisfy Rhines based upon the documents and arguments currently before the court. First, petitioner has good cause for the failure to exhaust because he could not have raised a McCoy claim before its decision. Second, the extent of McCoy's applicability, and the question of its retroactivity, are matters being litigated now in other cases and other courts. The court cannot say at this time that petitioner's McCoy claim lacks any potential merit. Third, petitioner filed his motion for leave to amend within a year of McCoy's decision. Petitioner also is not subject to the death penalty. Petitioner has no reason to be dilatory, and the court sees no intentionally dilatory litigation tactics.

Respondents have filed an unopposed motion for enlargement of time to file answer to amended petition for writ of habeas corpus (second request) (ECF No. 51). The court grants this motion. Because the court is staying this action, respondents will not need to file a response to the amended petition or the second amended petition until the court orders otherwise.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file second amended petition for writ of habeas corpus (ECF No. 47) is **GRANTED**. The clerk of the court shall file the second amended petition, currently in the docket at ECF No. 47-1.

IT FURTHER IS ORDERED that respondents' unopposed motion for enlargement of time to file answer to amended petition for writ of habeas corpus (second request) (ECF No. 51) is **GRANTED**. Respondents no longer need to respond to the remaining claims in the amended petition (ECF No. 14), as required by the court's order of May 21, 2019 (ECF No. 48).

IT FURTHER IS ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner shall return to this court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED: This 12th day of September, 2019.

_____
ROBERT C. JONES
United States District Judge